I am in accord with the views expressed in the dissenting opinions of
Justices HAMITER and HAWTHORNE.
The primary question for decision, it seems to me, is a simple one — indeed, one which readily answers itself adversely to plaintiff by an application of and an adherence to.our substantive and procedural law.
*747 This being á petitory action, plaintiff must succeed on the strength of his own title and not on the weakness of that of his adversary. Now, what is plaintiff’s title and how is it derived? He has no paper title to the acreage claimed by him in this suit. Indeed, title to this acreage was specifically withheld and excepted from his title in the deed under which he, perforce, claims. But he nevetheless asserts that he acquired ownership of the excepted property anyway. And how? Allegedly by reason of the circumstance that the acreage specially excepted by his vendor (because it had been previously sold to defendants’ author in title) was faultily described in the conveyance to defendants’ author in title. It is said this defective description produced unusual consequences —(1) it prevented defendants’ author in title from acquiring the property he bought and (2) it brought about the vesting of title in plaintiff, even though the grantor of his author in title excepted the 440 acres in the deed. How did this transfer occur? This, says plaintiff, was made possible by the fact that the exception is too vague to describe the land not conveyed and, therefore, he (plaintiff) became, ipso facto, the owner in virtue of the common-law doctrine adverted to in the case of Harrill v. Pitts, 194 La. 123, 193 So. 562, 565.
This claim of title, in my opinion, is illusory and wholly unsupported by any sound principle in law or reason. If such be the jurisprudence in other jurisdictions, it has no place in our civil law and should' be emphatically rejected. However, as an. examination of the authorities cited inHarrill v. Pitts, which is quoted from at length in the majority opinion, will readily disclose, this is not the rule at common law.. True, there is a rule to the effect that, if an. exception or reservation contained in a deed does not describe the excepted property with reasonable certainty, so that the-excepted property can be identified “either through the description in the deed itself or by means of extrinsic, competent evidence” (see Harrill v. Pitts), the exception, or reservation will fall and not the whole deed. But that doctrine is wholly inapplicable to this case as I shall hereafter demonstrate.
As the authorities cited in Harrill v. Pitts will show, the doctrine, which has been misapplied in this case, is founded on sound logic but is necessarily of limited scope. It has pertinence only and its use should be restricted to cases, like Harrill v. Pitts, in which the grantor or his successors are challenging his grantee’s title, claiming its entire invalidity because of an ambiguity of description in an exception or reservation in the deed. In such matters, the doctrine is that the deed must stand and it is only the exception that fails, the grantee obtaining the benefit of the failure. Why is this so? The cogent answer is given in Southern Iron & Steel Co. v. Stowers, 189 *749 Ala. 314, 66 So. 677, 679 (quoted from in Harrill v. Pitts) where the court said:
“This results from two principles: That a deed delivered must have effect, if possible; and the bias of presumptive construction is inclined against the grantor who assumes to speak.”
In other words, this doctrine may be used as a defense by the grantee in instances where the grantor is attempting to defeat the conveyance, for then the principles upon which the doctrine rests are applicable, those principles, being that justice requires, where possible, to uphold deeds rather than destroy them and, further, that a grantor who seeks to strike down his own tranfer is not looked upon with favor by the courts.
But how, in the case at bar, could these principles come into play? This is not a case in which the vendor, or anyone claiming under the vendor, is disputing plaintiff’s title on the ground that the 440-acre exception contained in his deed is so uncertain that the property conveyed to plaintiff in Section 40 cannot be located. On the contrary, it is conceded that plaintiff owns all of the acreage he bought and paid for and no one assails his title to that property.
Therefore, plaintiff is not in a position to employ the doctrine he invokes in this case; he is not using it as a shield to uphold his own title to the land he bought, but as a sword to acquire land excepted from the property he purchased. -Thus, he would apply the rule in reverse. But this cannot and should not be permitted for — first, because, in a reverse of positions, the legal principles on which the invoked rule are founded (upholding the deed and bias of construction against the grantor) necessarily disappear and, when the reason for a rule is not present, there is no basis for its application. Secondly, as plaintiff in a petitory action, this plaintiff must have a title to the property he claims. Since he has no title, he should not be allowed to create a pseudo one to property specifically excluded from his deed, which is not under attack.
There are many more reasons why this action should be declared groundless, the most important ones being covered in the opinions of the other dissenting Justices. Hence, further comment on my part would be superfluous.
I respectfully dissent.